Argued and submitted October 7, 2015, reversed and remanded
February 18, 2016

Arthur "Dan" KELLEY,
*Plaintiff-Respondent,*

*v.*

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,
an Illinois corporation,
*Defendant-Appellant.*

Lane County Circuit Court
161225949; A156153

368 P3d 58

Michael H. Long argued the cause for appellant.
With him on the opening brief was Brown, Roseta, Long,
McConville & Kilcullen. With him on the reply brief was
Gaydos Churnside & Balthrop, P.C.

Lisa T. Hunt argued the cause and filed the brief for
respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge,
and Wilson, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant insurance company appeals a supplemental judgment in plaintiff's favor in this action for underinsured motorist (UIM) benefits under ORS 742.502 and ORS 742.504. On appeal, defendant assigns error to the trial court's award of attorney fees and costs under ORS 742.061(1), a statute that requires insurance companies to pay attorney fees to an insured who prevails in an action to recover insurance benefits, unless the insurer falls within the statute's attorney-fee "safe harbor." As we explain, our recent decision in *Spearman v. Progressive Classic Ins. Co.*, 276 Or App 114, 366 P3d 821 (2016), establishes that the trial court erred in awarding fees. Accordingly, we reverse.

The relevant facts are undisputed. Plaintiff was injured in a collision with an underinsured motorist. One day after the accident, defendant provided plaintiff with a "safe harbor letter," informing plaintiff that he had a right to make a claim under the UIM insurance policy that defendant had sold to him. *See Congdon v. Berg*, 256 Or App 73, 84-90, 299 P3d 588 (2013) (explaining how a safe harbor letter can fulfill the requirements of ORS 742.061(3)). The letter also stated that the issues related to plaintiff's claim under the policy would be limited to "liability and damages" and that defendant "consents to the submission of your underinsured claim to binding arbitration." The case ultimately went to trial, and, at trial, defendant raised the issue of whether plaintiff "injured his right shoulder in the subject collision." Plaintiff prevailed at trial and petitioned for attorney fees. The trial court awarded fees, concluding that, by raising the issue about the shoulder injury, defendant relinquished the protection of the safe harbor provision of ORS 742.061(3).

Under *Spearman*, the trial court erred in awarding fees. There, we concluded "that the issues that are within the scope of ORS 742.061(3) are the issues of liability and damages that an insured would have to establish in an action against the uninsured or underinsured motorist." 276 Or App at 116. Here, defendant did not raise any issues outside of that scope. Contrary to plaintiff's assertions on appeal and the trial court's conclusion below, defendant's

denial that plaintiff injured his shoulder in the "subject collision" raises only an issue "of liability and damages that an insured would have to establish in an action against the uninsured or underinsured motorist." *Id.* As a result, defendant remains within ORS 742.061(3)'s safe harbor, and plaintiff is not entitled to recover attorney fees.

Reversed and remanded.